Joshua L Lyons
16055 Washington St
Riverside, CA 92504

# UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA,

RELATED DDJ

## RIVERSIDE DIVISION

N/S

FILED
CLERK, U.S. DISTRICT COURT

JUL - 9 2025

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

JOSHUA L. LYONS, Plaintiff,

v.

EDCV25-01720-JAK(SSC)

JACQUELINE C. JACKSON individually and in her official capacity, as Presiding Judge of Riverside County;

CHAD BIANCO, individually and in his official capacity, as Sheriff of Riverside County;

CITY OF RIVERSIDE, a municipal entity;

COUNTY OF RIVERSIDE, a municipal entity;

ARMAND VASQUEZ, individually and as a co-conspirator with public officials;

LT. GOODSON, in his official and individual capacity;

SGT. SERRATO, in his official and individual capacity;

OFFICER JACQUEZ, in his official and individual capacity;

OFFICER KURDOGHLIAN, in his official and individual capacity;

JUDGE JERRY YANG, in his official capacity;

COMMISSIONER TAMARA WAGNER, in her official capacity;

JUDGE MAGDALENA COHEN, in her official capacity;

DEPUTY SALAZAR in his official and individual capacities,

DEPUTY DELGATO in her official and individual capacities,

DOE SHERIFF'S DEPUTIES 1-10, in their official and individual capacities,

DOE CLERKS OF THE SUPERIOR COURT OF CALIFORNIA 1-10, Defendants. (in their official capacity)

Case No.: _____

_____

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983 - False Arrest, Excessive Force, Retaliation for Free Speech, Malicious Prosecution, False Imprisonment, Failure to Train, Failure to Supervise, Conspiracy, and Violations of Constitutional Rights) (State Law Claims: Intentional Infliction of Emotional Distress, Negligence, Obstruction of Justice, and Violations of the Bane Act (Cal. Civ. Code § 52.1)) (JURY DEMANDED)**

## I. INTRODUCTION

This is a civil rights action under 42 U.S.C. § 1983 seeking redress for egregious violations of Plaintiff Joshua L. Lyons' constitutional rights by municipal actors, judicial officers, law enforcement, and a private individual acting jointly with the State. These violations resulted in unlawful arrest, retaliatory prosecution, loss of property without due process, denial of access to courts, and interference with Plaintiff's protected familial and estate rights. This action also seeks to hold Sheriff Chad Bianco personally accountable for his role in fostering and failing to address systemic constitutional violations within the Riverside County Sheriff's Department. Plaintiff was jailed during the final days of his mother's life after being arrested in retaliation for protected speech. While detained, his mother passed away. Upon release, Plaintiff was systematically denied access to property he lawfully occupied, targeted with repeated harassment, and ultimately evicted based on judgments obtained without due process, even as legitimate probate claims remained pending.

## II. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights).

2.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims occurred within this district, and Defendants reside or are located within this district.

4.  This Court has jurisdiction to grant prospective injunctive and declaratory relief against ongoing violations of federal constitutional rights committed under color of state law. Plaintiff does not seek damages against the State of California, the Superior Court, or any judicial officer in their sovereign capacity. Rather, Plaintiff seeks relief against unlawful conduct that is procedurally and constitutionally defective, including the enforcement of a void judgment, the use of falsified court filings, and the denial of access to a neutral judicial forum.

5.  Plaintiff has standing because he is the real party in interest in the underlying title dispute, faces imminent injury (homelessness), and has no adequate legal remedy at law due to repeated denials of state appellate relief.

6.  Plaintiff alleges claims against Defendants, including the County of Riverside and its officials, in their official capacities. Under *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976), Congress validly abrogated state sovereign immunity for civil rights enforcement pursuant to the Fourteenth Amendment. Furthermore, under *Ex parte Young*, 209 U.S. 123 (1908), courts may award prospective declaratory and injunctive relief against state officials acting in violation of federal law. Sovereign immunity does not extend to municipalities or their officers sued in their official capacity for such relief. Accordingly, Defendants are properly subject to suit in this Court.

## III. LEGAL STANDARDS

7.  Plaintiff proceeds pro se and respectfully invokes the liberal pleading standard in *Haines
    v. Kerner*, 404 U.S. 519 (1972): "Allegations of a pro se complaint, however inartfully
    pleaded, are held to less stringent standards than formal pleadings drafted by lawyers."

8.  Municipalities are not immune under § 1983 and may be held liable where constitutional
    deprivations result from official policy, practice, or custom. *Owens v. City of
    Independence*, 445 U.S. 622 (1980); *Monell v. Dep't Soc. Servs.*, 436 U.S. 658 (1978).

9.  Government officials are not entitled to qualified immunity when they violate clearly
    established rights of which a reasonable official would have known. *Malley v. Briggs*,
    475 U.S. 335 (1986).

## IV. FACTUAL ALLEGATIONS

10. November 2020 – December 24, 2024: Plaintiff Joshua L. Lyons resided at 16055
    Washington St., Riverside, CA, at the Decedent's invitation to provide care.

11. During this time Plaintiff cooked, cleaned, helped with house maintenance and financial
    upkeep.

12. July 2022: Decedent made a will naming Plaintiff as executor (Exhibit K).

13. June 2023 Plaintiff had a text exchange with the decedent regarding possible divorce
    from Armand.

14. March 2024: An alleged dog bite incident occurred, which was later cited by Defendant
    Vasquez to justify the eviction.

15. September 2024 Defendant Armand Vasquez increases total control over Decedent's care
    and became increasingly hostile towards Plaintiff.

16. October 23, 2024 —November 14, 2024 Plaintiff was held in custody by the Riverside sheriff department and subjected to inhumane conditions and unsanitary housing.

17. November 08, 2024: Plaintiff Joshua L. Lyons was subjected to a sentencing hearing presided over by Judicial Officer Jerry Yang in Superior Court Case No. RIF2206272. Motion for mistrial by defense was denied after judge learned jury decides case on "common sense" regarding legal question.

18. November 18, 2024 Plaintiff filed a motion to stay execution.

19. December 04, 2024 Jerry Yang denied motion for stay because Plaintiff titled it probation not mandatory supervision.

20. December 16, 2024 Plaintiff filed a motion to Vacate Judgment

21. December 19, 2024 Armand calls the Sheriff to attempt to have Plaintiff removed from the property.

22. December 20, 2024 Jerry Yang again denied motion, also Decedent supposedly updated her will to disown Plaintiff.

23. December 24, 2024, at approximately 11:40 a.m.: Plaintiff was walking on Tyler Street in Riverside, California. Officers Jacquez and Kurdoghlian stopped their vehicle after Plaintiff made a hand gesture towards them, leading to his arrest.

24. The following exchange was captured on Plaintiff's cell phone video immediately prior to and during his arrest:

    a. Defendant Kurdoghlian said, "What's up, dude?"

    b. Plaintiff responded, "What's going on, guys?"

    c. Defendant Jacquez said, "How are you?"

d. Plaintiff replied, "Good, how are you?"

e. Defendant Jacquez then physically restrained Plaintiff's left arm.

f. Defendant Kurdoghlian simultaneously stated, "Keep your hands out of your pockets," while physically restraining Plaintiff's right arm.

g. Plaintiff immediately asked, "What did I do?"

h. While physically restraining Plaintiff, Defendants Jacquez and Kurdoghlian responded, "Put your hands behind your back." Plaintiff did not offer any resistance at any time during the entire encounter.

i. Defendant Jacquez then stated, "We have reasonable suspicion that you are involved in a crime."

j. Plaintiff asked, "What crime?"

k. Defendant Jacquez replied, "Sexual battery. It seems like you know something about it because you were quick to record us, which is very odd considering we encounter people all day."

l. After handcuffing Plaintiff, Defendant Kurdoghlian stated, "Why you wanna tense up like that?"

m. Plaintiff replied, "I am not tensing up." Defendant Jacquez took the phone from Plaintiff's hand and ended the recording.

25. During this unlawful arrest on December 24, 2024, Defendants Officer Jacquez and
    Officer Kurdoghlian used objectively unreasonable and excessive force against Plaintiff,
    who was at all times compliant and offered no resistance. Specifically, Defendants
    grabbed and twisted Plaintiff's arms, placed excessively tight handcuffs on his wrists
    causing pain and numbness, Officer Jacquez dug his fingers into Plaintiff's arm, they
    aggressively pulled Plaintiff causing him to nearly lose his balance, forcibly pressed him
    against the patrol car, and forced him down into a sitting position on the ground at a busy
    intersection.

26. Plaintiff attempted to show Sergeant Serrato a video recording on his phone, which
    Plaintiff asserts would have demonstrated he was not resisting arrest. Plaintiff also
    requested that Sergeant Serrato cite and release him. Sergeant Serrato did not intervene to
    release Plaintiff or investigate the situation further, and subsequently conferred with
    Defendants Jacquez and Kurdoghlian for approximately three minutes. Despite this
    conference, Plaintiff was not released.

27. From December 24, 2024, to January 6, 2025, Plaintiff was detained in jail for 14 days as
    a result of the unlawful and retaliatory arrest described above. During this time, Plaintiff
    was denied access to outside communication and was not permitted to make meaningful
    contact with his terminally ill mother, for whom he was the primary caregiver.

28. On or about December 27, 2024, the Riverside County District Attorney declined to file
    charges against Plaintiff related to the December 24 arrest. Despite this declination,
    Plaintiff remained in custody for nearly another week without justification.

29. On December 30, 2024, Plaintiff's mother, Natalie Ann Brown-Vasquez (Decedent),
    passed away while Plaintiff was still in custody. Plaintiff was not informed of her passing

until after her death, and was never given the opportunity to visit her, provide end-of-life
care, say goodbye, or attend her final moments. Plaintiff had provided continuous care for
his mother for over four years and was living with her at the property with her express
invitation. The emotional harm caused by this forced separation and the denial of closure
has been profound and lasting. But for Plaintiff's unlawful arrest and continued detention
after the District Attorney declined to file charges, he would have been present with his
mother at the time of her passing.

30. On or about December 31, 2024, while still in custody and grieving his mother's death,
Plaintiff attempted to report prior and ongoing abuse known to him, to law
enforcement against the Decedent by Defendant Armand Vasquez to the Riverside
County Sheriff's Department. His concerns were ignored, and no protective action was
taken.

31. January 6, 2025, at 11:00 p.m.: Plaintiff was released from jail in Murrieta.

32. January 7, 2025: approximately 11:00 a.m. Defendant Armand Vasquez falsely reported
Plaintiff as an intruder to 911. Later, Plaintiff went to the Magnolia police station to
retrieve his property and file a complaint with Watch Commander Lt. Goodson. During
this visit, Plaintiff requested public records related to his arrest, including officer names,
police reports, and information about the alleged sexual battery call. Lt. Goodson and
other police department personnel deliberately denied these requests, falsely claiming the
denial was due to an "open case" with the District Attorney. Lt. Goodson was evasive and
intentionally concealed the officers' names when Plaintiff attempted to file an internal
affairs complaint.

33. January 8, 2025: Deputy Salazar again responded to the property regarding Defendant
Vasquez's guest.Informs Armand he can't make false reports about intruders, but does
not arrest or cite for misuse of 911 or making false reports.

34. January 13, 2025: Plaintiff initiated probate proceedings concerning Decedent's estate.

35. January 13, 2025: Plaintiff returned to court to make a discovery request related to the
December 24th incident. Judge Melissa Hale informed Plaintiff there was no discovery as
there was no case filed. This directly contradicted the police department's prior
justification for withholding records, demonstrating an intent to conceal information and
obstruct Plaintiff's access to justice.

36. January 23, 2025: An "insurance letter" (Exhibit I) was dated, later used to justify a 3-day
notice by Defendant Vasquez.

37. January 2025: Plaintiff filed for injunctive relief, which was denied (see Exhibit N
regarding Jan. 27, 2025 denial).

38. January 27, 2025: Plaintiff timely filed a Government Tort Claim with Defendant City of
Riverside.

39. February 2025: Plaintiff filed for a temporary restraining order, which was denied.

40. March 2, 2025: Defendant Armand Vasquez struck Plaintiff's leashed dog in the chest
with a running weed eater.

41. April 18, 2025: Plaintiff was served with the Summons in the unlawful detainer action
(Case No. UDCO2500480).

42. April 19, 2025: Plaintiff placed his Motion to Quash Service of Summons and Answer
for the unlawful detainer case in the mail.

43. April 21, 2025: The Motion to Quash and Answer were dispatched.

44. April 23, 2025: The Motion to Quash and Answer were received and file-stamped by the Riverside Superior Court.

45. April 25, 2025: The court's Minute Order from May 29, 2025, erroneously states the Motion to Quash was filed on this date.

46. May 22, 2025: Judgment for unlawful detainer was entered in favor of Defendant Armand Vasquez in Riverside County Superior Court Case No. UDCO2500480.

47. May 27, 2025: Plaintiff timely filed a Notice of Appeal in the unlawful detainer case.

48. May 27, 2025: Defendant Armand Vasquez filed an Ex Parte Application to Amend Judgment.

49. May 28, 2025: Plaintiff filed a Code of Civil Procedure Section 170.6 motion.

50. May 29, 2025: A consolidated ex parte hearing was held before Judicial Officer Tamara Wagner in the unlawful detainer case.

51. May 30, 2025: Plaintiff filed a Petition for Writ of Supersedeas with the Appellate Division of the Superior Court of California, County of Riverside (Appellate Division Case No. APRI2500062).

52. June 11, 2025, at approximately 3:00 p.m.: Defendant Vasquez engaged in aggressive tree trimming near Plaintiff's porch.

53. June 12, 2025, at approximately 4:30 p.m.: Defendant Vasquez continued aggressive tree trimming, making verbal threats.

54. June 19, 2025: Defendant Armand Vasquez engaged in illegal self-help eviction attempts, including verbally harassing Plaintiff, directing a leaf blower at Plaintiff's dog, and intentionally cutting electrical power to Plaintiff's camper trailer. The Riverside County Sheriff's Department logged the incident under Report No. MA251700034.

55. June 23, 2025: Plaintiff filed a renewed and updated Petition to Determine Title to Real Property and for Related Relief in Probate Case No. PRRI2500109.

56. June 24, 2025: Plaintiff filed an Extremely Urgent Emergency Petition for Writ of Mandate with the California Court of Appeal, Fourth Appellate District, Division Two (Court of Appeal Case No. E086370).

57. June 25, 2025: This Emergency Petition for Writ of Mandate was denied.

58. June 26, 2025: Plaintiff filed an Emergency Ex Parte Application for Temporary Injunctive Relief in Probate Case No. PRRI2500109.

59. June 27, 2025: The probate court, through Judicial Officer Judge Magdalena Cohen, denied this Emergency Ex Parte Application.

## V. CONTEXTUAL ALLEGATIONS REGARDING SYSTEMIC VIOLATIONS

60. **Pattern of Unconstitutional Conduct within Riverside County Sheriff's Department:** Plaintiff alleges that the violations of his constitutional rights, as detailed herein, are not isolated incidents but rather symptomatic of a systemic pattern and practice of unconstitutional conduct by the Riverside County Sheriff's Department under the leadership and oversight of Defendant Sheriff Chad Bianco. This pattern includes, but is not limited to, issues of unlawful arrests, lack of proper training, inadequate supervision, and deliberate indifference to the constitutional rights of individuals, particularly those interacting with law enforcement or detained in County facilities.

61. **The Vem Miller Lawsuit (RCSD):** On information and belief, Defendant Sheriff Chad Bianco and the Riverside County Sheriff's Department are currently facing a civil rights lawsuit filed by Vem Miller, alleging defamation and violations of First and Fourth

Amendment rights related to an arrest at a political rally. This lawsuit, which involves

specific public statements made by Sheriff Bianco, further demonstrates a pattern of

disregard for constitutional protections and potential misuse of official power for

personal or political gain, contributing to an environment where deputies may believe

their actions will not be adequately reviewed or disciplined.

62. **Cash Bail Class Action Lawsuit (County/RCSD):** On information and belief,

Defendant County of Riverside, including the Riverside County Sheriff's Department

under Defendant Sheriff Chad Bianco's authority, is a defendant in *Sandoval v. Riverside*

*County*, a class action lawsuit challenging the unconstitutional practice of jailing

individuals pre-arraignment due to their inability to pay cash bail. This litigation

highlights a systemic failure to provide due process and equal protection, directly

impacting individuals' liberty interests, including the right to be free from arbitrary

detention, a violation relevant to Plaintiff's own unlawful detention.

63. **Multiple Inmate Deaths in Riverside County Jails (County/RCSD):** On information

and belief, under the command of Defendant Sheriff Chad Bianco, Riverside County jails

have been the subject of numerous lawsuits and public scrutiny regarding a series of

inmate deaths due to alleged medical neglect, lack of adequate care, and unsafe

conditions. Specific reported cases include the deaths of Richard Matus Jr., Michael

Vasquez, Mario Solis, Abel Chacon, Ashley Upton, Kaushal Niroula, and Yareth Aguilar

Villagomez. These tragic events, and the alleged systemic failures that led to them,

demonstrate a pervasive pattern of deliberate indifference to the health, safety, and

constitutional rights of individuals in the Sheriff's custody, reflecting a failure in training,

supervision, and policy oversight that extends throughout the department and directly impacts the County's overall practices.

64. **Pattern of Unconstitutional Conduct within Riverside Police Department (RPD):** Plaintiff further alleges that the City of Riverside, through its police department (RPD), has a pattern and practice of unconstitutional conduct, including but not limited to excessive force, unlawful arrests, and retaliation, which contributes to the systemic violations experienced by individuals within the City. This pattern is evidenced by, among other incidents:

    a. **Damon Beitz Death (September 14, 2023):** Mr. Beitz, 46, was arrested by RPD officers outside a Ralphs grocery store and allegedly beaten during the arrest. He died hours later at the Robert Presley Detention Center. An independent autopsy confirmed blunt force trauma. A federal lawsuit has been filed (Case No. 5:24-cv-02084, C.D. Cal.). [Source:Press Enterprise ]

    b. **Xavier Lopez Shooting (January 26, 2021):** Plaintiff Xavier Lopez was shot twice by Officer Evan Wright during an attempted arrest. A federal civil rights lawsuit alleges excessive force, battery, and constitutional violations. [Source: Press Enterprise]

    c. **Officer Shawn Casteel Retaliation Verdict (2023):** Officer Casteel, a 20-year RPD veteran, filed suit after reporting unlawful ticket quotas and was awarded $2.8 million for retaliation. The jury found senior leadership in the department tolerated unlawful practices and retaliated against whistleblowing. [Source: Press Enterprise]

d. **January 2025 Skateboard Incident:** RPD officers were filmed violently detaining a teenager during a stop over a suspected stolen skateboard, drawing media coverage and public outcry. Although the City has not disclosed disciplinary actions, the incident reflects continued disregard for proper de-escalation, youth safety, and public recording rights.[Source: ABC News ]

## VI. CLAIMS FOR RELIEF

Plaintiff incorporates by reference the factual allegations set forth in Paragraphs 1–64, and all prior causes of action, as though fully set forth herein, as the basis for all following claims

**COUNT ONE – Retaliatory Arrest** (Violation of First Amendment – Against Jacquez, Kurdoghlian). On December 24, 2024, Plaintiff made a nonviolent expressive gesture toward a patrol car while walking on Tyler Street in Riverside, California. Officers Jacquez and Kurdoghlian immediately stopped, detained, and arrested Plaintiff without probable cause. Plaintiff was incarcerated for 14 days despite the District Attorney declining to file charges. This arrest was motivated by retaliatory animus in response to Plaintiff's protected speech and directly chilled Plaintiff's First Amendment rights.

**COUNT TWO – False Arrest / Unlawful Seizure** (Violation of Fourth Amendment – Against Jacquez, Kurdoghlian, and DOE Sheriff Deputies 1–3) Plaintiff was unlawfully seized on December 24, 2024, without probable cause. Officers Jacquez and Kurdoghlian lacked any warrant or valid legal basis for arrest. Plaintiff was held for 14 days despite the DA's decision not to prosecute. This violated Plaintiff's right to be free from unlawful search and seizure under the Fourth Amendment.

**COUNT THREE – Malicious Prosecution** (Fourth & Fourteenth Amendments – Against
Yang, Jacquez, Kurdoghlian, and Goodson) Following his arrest, Plaintiff was subjected to
unjustified criminal proceedings, including court appearances related to the December 24, 2024
incident. Lt. Goodson and the officers involved failed to intervene despite knowing no charges
were filed. The actions were motivated by animus and lacked legal justification. These
proceedings were terminated in Plaintiff's favor and caused undue hardship and stigma.

**COUNT FOUR – Denial of Access to Courts** (First & Fourteenth Amendments – Against
Wagner, Cohen, Vasquez, and DOE Deputies) Defendants conspired to and did obstruct
Plaintiff's ability to pursue probate and unlawful detainer appeals. Judge Wagner denied Plaintiff
a fair forum by ruling on consolidated ex parte applications despite a disqualification motion
pending under Code Civ. Proc. § 170.6. Judge Cohen denied injunctive relief while aware of the
pending § 850 petition. These actions foreclosed Plaintiff's ability to protect estate rights and
access meaningful legal remedies.

**COUNT FIVE – Procedural Due Process Violation** (Fourteenth Amendment – Against
Vasquez, Wagner, Cohen, DOE Deputies) Plaintiff was evicted and subjected to property loss
without a meaningful opportunity to be heard. The unlawful detainer case proceeded despite
unresolved title issues in Probate Court. Plaintiff's Motion to Quash was misdated, his
disqualification motion ignored, and ex parte orders were issued without notice or proper
hearing. Vasquez acted under color of law and in coordination with court actors, depriving
Plaintiff of basic procedural protections.

**COUNT SIX – Substantive Due Process Violation** (Fourteenth Amendment – Against
Vasquez, DOE Deputies, County of Riverside) On June 19, 2025, Vasquez attempted illegal self-

help eviction tactics, including cutting power, harassing Plaintiff, and endangering Plaintiff's dog. DOE Deputies failed to intervene or prevent these actions despite Plaintiff's pleas and a prior Sheriff's report. These state-sanctioned intrusions on Plaintiff's property, security, and home life rise to the level of conscience-shocking abuse under the Fourteenth Amendment.

**COUNT SEVEN – Equal Protection Violation** (Fourteenth Amendment – Against County of Riverside and DOE Deputies) Plaintiff was treated unequally compared to similarly situated persons. Law enforcement consistently declined to enforce trespass or elder abuse laws against Vasquez, despite Plaintiff's complaints. The disparate treatment was based on Plaintiff's perceived indigency, pro se status, or familial relationship with the decedent, violating the Equal Protection Clause.

**COUNT EIGHT – Monell Liability** (42 U.S.C. § 1983) – Against City of Riverside and County of Riverside and Sheriff Chad Bianco in his official capacity. Plaintiff's injuries were caused by policies, practices, or customs of the City and County of Riverside, including those initiated, tolerated, or overseen by Defendant Sheriff Chad Bianco, such as: failure to supervise and discipline officers engaged in unlawful arrest and retaliation; tolerance of judicial actors exceeding their authority; and deliberate indifference to constitutional violations affecting vulnerable or self-represented litigants as evidenced by the systemic issues raised in paragraphs 60-64, including the Vem Miller lawsuit, the Sandoval cash bail class action, the multiple inmate death lawsuits (including those involving Richard Matus Jr., Michael Vasquez, Mario Solis, Abel Chacon, Ashley Upton, Kaushal Niroula, and Yareth Aguilar Villagomez), and the pattern of conduct by the Riverside Police Department detailed in paragraph 61. These policies led directly to Plaintiff's injuries and warrant Monell liability.

**COUNT NINE – Conspiracy to Violate Civil Rights** (42 U.S.C. § 1983 and § 1985 – Against
Vasquez, DOE Deputies, County Defendants, and Sheriff Chad Bianco) Defendants, including
Defendant Sheriff Chad Bianco through his direct actions or omissions as a policymaker and
supervisor, entered into an agreement to interfere with Plaintiff's constitutional rights, including
his right to familial association, access to courts, and due process. Vasquez coordinated with
court officials and sheriff's deputies to manufacture the appearance of tenancy, enforce invalid
judgments, and prevent Plaintiff from asserting lawful claims to his mother's estate. Overt acts in
furtherance of the conspiracy include false 911 reports, harassment, and misuse of court
proceedings, and are part of a broader pattern of unconstitutional conduct tolerated and overseen
by the Sheriff's Department leadership.

**COUNT TEN – Failure to Intervene** (42 U.S.C. § 1983 – Against Lt. Goodson, DOE Deputies,
and other law enforcement and Sheriff Chad Bianco) Each Defendant who witnessed or had
knowledge of unlawful arrests, harassment, and unlawful eviction attempts failed to intervene
despite the opportunity and legal duty to do so. These omissions caused or contributed to
Plaintiff's constitutional injuries and enabled ongoing violations. Furthermore, Defendant Sheriff
Chad Bianco, as the chief law enforcement officer for Riverside County, demonstrated deliberate
indifference to the widespread pattern of unconstitutional conduct by his subordinates and within
his department, including the issues detailed in paragraphs 60-64, by failing to adequately train,
supervise, and discipline officers, which was a moving force behind the violations of Plaintiff's
rights.

**COUNT ELEVEN – Abuse of Process** (California Common Law – Against Vasquez and DOE
Defendants) Defendants misused legal proceedings for improper purposes. Vasquez filed an

unlawful detainer action while title was in dispute and based it on an insurance document unrelated to tenancy. Court actors participated in ex parte hearings to circumvent Plaintiff's rights. The judicial process was distorted to unlawfully dispossess Plaintiff and shield unlawful conduct.

**COUNT TWELVE – Intentional Infliction of Emotional Distress** (California Tort Law – Against Vasquez, DOE Deputies, Jacquez, Kurdoghlian) Defendants' conduct—including retaliatory arrest, false imprisonment, coordinated eviction efforts, and refusal to protect Plaintiff's property—was outrageous and intentional. Plaintiff suffered severe emotional distress, including anxiety, humiliation, and the compounded trauma of missing his mother's death while wrongfully incarcerated. Defendants acted with malice, oppression, and reckless disregard for Plaintiff's well-being.

**COUNT THIRTEEN – Supervisory Liability** (42 U.S.C. § 1983 – Against Sheriff Chad Bianco in his individual capacity) As the Sheriff of Riverside County, Defendant Chad Bianco held ultimate supervisory authority over the law enforcement defendants named herein and the operations of the Riverside County Sheriff's Department. Defendant Bianco demonstrated deliberate indifference to the constitutional rights of individuals, including Plaintiff, by failing to adequately train, supervise, and discipline his subordinates, and by fostering an environment conducive to unconstitutional conduct. This deliberate indifference is evidenced by, but not limited to, the pattern and practice of violations described in paragraphs 60-64, including the Vem Miller lawsuit, the Sandoval cash bail class action, the multiple inmate deaths in County jails, and the pattern of conduct by the Riverside Police Department detailed in paragraph 61. Defendant Bianco's personal failure to address these systemic issues, despite actual or

constructive knowledge of them, was a direct and proximate cause of the constitutional

deprivations suffered by Plaintiff, including unlawful arrest, false imprisonment, and denial of

due process.

**COUNT FOURTEEN – Violation of California Civil Code § 52.1 (Bane Act)** (Against

Vasquez, Lt. Goodson, Sgt. Serrato, Officer Jacquez, Officer Kurdoghlian, and DOE Sheriff

Deputies) Defendants, through threats, intimidation, or coercion, interfered with or attempted to

interfere with Plaintiff's exercise or enjoyment of rights secured by the Constitution or laws of

the United States, or by the Constitution or laws of California. Specifically, Defendants' actions,

including but not limited to the retaliatory arrest, false imprisonment, unlawful eviction attempts,

harassment, and denial of access to property, constituted threats, intimidation, or coercion that

deprived Plaintiff of his rights, including those under the First, Fourth, and Fourteenth

Amendments, and his state law rights to property and due process. Plaintiff is entitled to

statutory damages and other relief as provided by California Civil Code § 52.1.

**COUNT FIFTEEN – Excessive Force** (42 U.S.C. § 1983 – Against Officer Jacquez and Officer

Kurdoghlian) Plaintiff incorporates by reference all prior allegations as if fully set forth herein.

During the unlawful arrest on December 24, 2024, Defendants Officer Jacquez and Officer

Kurdoghlian used objectively unreasonable and excessive force against Plaintiff, who was at all

times compliant and offered no resistance. Specifically, Defendants:

    a. Grabbed and twisted Plaintiff's arms.

    b. Placed excessively tight handcuffs on his wrists, causing pain, leaving marks, and
    making his hand go numb for an hour.

    c. Officer Jacquez dug his fingers into Plaintiff's arm, causing pain.

    d. Aggressively pulled Plaintiff, causing him to nearly lose his balance.

    e. Forcibly pressed Plaintiff against the patrol car.

    f. Forced him down into a sitting position on the ground at a busy intersection.

The force used was disproportionate to any perceived threat or resistance, which was entirely
absent, thereby violating Plaintiff's Fourth Amendment right to be free from unreasonable
seizures and excessive force.

**COUNT SIXTEEN – Negligence** (California Common Law – Against Officer Jacquez, Officer
Kurdoghlian, Sergeant Serrato, Lt. Goodson, and City of Riverside) Plaintiff incorporates by
reference all prior allegations as if fully set forth herein. Defendants Officer Jacquez, Officer
Kurdoghlian, Sergeant Serrato, and Lt. Goodson, and by extension the City of Riverside through
the doctrine of *respondeat superior*, owed Plaintiff a duty of care to conduct themselves as
reasonable and prudent law enforcement officers in the discharge of their duties, including but
not limited to:

    a. Conducting lawful arrests only upon probable cause.

    b. Using only reasonable and necessary force.

    c. Intervening to prevent constitutional violations.

    d. Properly supervising and training officers.

e. Providing accurate information and access to public records.

Defendants breached their duties of care by, among other things:

a. Arresting Plaintiff without probable cause.

b. Using excessive force during the arrest.

c. Failing to intervene in the unlawful arrest and use of force.

d. Maliciously prosecuting Plaintiff.

e. Falsely imprisoning Plaintiff.

f. Failing to adequately train and supervise officers regarding constitutional policing and de-escalation.

g. Obstructing Plaintiff's access to information and the courts. As a direct and proximate result of Defendants' negligence, Plaintiff suffered the damages described herein, including physical injuries, emotional distress, loss of liberty, and financial losses.

**COUNT SEVENTEEN – Obstruction of Justice** (California Common Law – Against Lt. Goodson, and City of Riverside)

Plaintiff incorporates by reference all prior allegations as if fully set forth herein.

On January 7, 2025, Plaintiff requested public records related to his arrest from the Riverside Police Department, including officer names, police reports, and information about the alleged sexual battery call. Lt. Goodson and other police department personnel deliberately denied these

requests, falsely claiming the denial was due to an "open case" with the District Attorney. Lt.
Goodson was evasive and intentionally concealed the officers' names when Plaintiff attempted to
file an internal affairs complaint.

On January 13, 2025, Plaintiff's formal discovery request in court related to the incident was also
denied because, as Judge Hale confirmed, "no case had been filed," directly contradicting the
police department's prior justification for withholding records. These actions by Defendants,
particularly Lt. Goodson and the City of Riverside, were undertaken with the specific intent to
conceal public records, hinder Plaintiff's ability to investigate the circumstances of his arrest and
detention, and obstruct his access to information necessary for legal recourse.

**COUNT EIGHTEEN – Declaratory Relief: Unconstitutional Judicial Conduct** (Against
Judges Wagner, Cohen, Yang – Official Capacities Only) Plaintiff alleges that Judges Wagner,
Cohen, and Yang, acting under color of state law, have engaged in ongoing constitutional
violations by denying Plaintiff due process and access to a fair tribunal. These violations include
ruling on matters despite pending disqualification motions, consolidating ex parte applications to
deny relief, and enforcing judgments despite unresolved title disputes, resulting in systemic
denial of a neutral forum to pro se litigants. Plaintiff seeks prospective declaratory relief to
prevent these unconstitutional judicial practices from continuing in the pending state
proceedings, asserting a live controversy under 28 U.S.C. §§ 2201–2202. Plaintiff does not seek
damages against these judicial officers, but only forward-looking declaratory relief to prevent
continued procedural violations that impair Plaintiff's access to the courts, including denial of
notice, improper ex parte consolidation, and rulings by disqualified or conflicted judges. These
patterns present a live and ongoing controversy subject to declaratory resolution.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. **Award compensatory damages** in an amount to be determined at trial, but no less than $5,000,000, for the physical injuries, emotional distress, loss of liberty, loss of reputation, financial harm, and other damages suffered as a direct result of the wrongful arrest, excessive force, malicious prosecution, violation of constitutional rights, and any other unlawful conduct by the Defendants.

2. **Award punitive damages** in an amount to be determined at trial, sufficient to punish Defendants for their willful, malicious, reckless, and egregious conduct, and to deter future misconduct by Defendants and others who may violate individuals' constitutional rights, but no less than $8,875,000.

3. **Award statutory damages** under California Civil Code § 52.1(b) (the Bane Act), in the amount of $25,000 per violation, for each Defendant's unlawful threats, intimidation, or coercion, or other misconduct violating Plaintiff's constitutional rights, as set forth under the California Civil Rights Act.

4. **Grant preliminary and permanent injunctive relief**, including but not limited to:
   - Enjoining the enforcement of the unlawful detainer judgment (Case No. UDCO2500480) and any future attempts to interfere with Plaintiff's property rights at 16055 Washington St., Riverside, CA.
   - Preventing Defendants from continuing to violate Plaintiff's constitutional rights and ensuring future compliance with constitutional protections.

5. **Grant declaratory judgment** that Defendants violated Plaintiff's constitutional rights as alleged herein.

6. **Award attorney's fees and costs** as provided by law under 42 U.S.C. § 1988, California Civil Code § 52.1, and any other applicable statutes, and for any other costs incurred as a result of this action, including fees for necessary investigations and expert testimony.

7. **Grant any other relief** that the Court deems just, equitable, and proper to remedy Defendants' unlawful actions and restore Plaintiff's rights.

## VIII. DEMAND FOR JURY TRIAL

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

## IX. VERIFICATION

I, Joshua L. Lyons, am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The factual allegations therein are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this: 8th day of July 2025, in Riverside County, California.

Respectfully Submitted By,

_____                07/08/25

Joshua L. Lyons
Plaintiff, Pro Se

16055 Washington Street Riverside, CA 92504

(951) 406-5765

Joshuwaaki@gmail.com