UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   5:25-cv-01720-JAK-SSC        Date: August 29, 2025

Title     Joshua L. Lyons v. Jacqueline C. Jackson, et al.

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

| Teagan Snyder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) **Order to Show Cause**

On July 9, 2025, Plaintiff Joshua L. Lyons filed this civil rights action *pro se* alleging many wrongs, including some related to a state unlawful detainer proceedings. This is not his first civil rights action filed in this district nor his first related to the unlawful detainer proceedings.

On June 30, 2025, Plaintiff filed a previous action and a request to proceed *in forma pauperis*. Case no. 5:25-cv-01622-JAK (SSCx) (the 1622 Action). (1622 Action ECF 1, 6.) The defendants included the Riverside County Superior Court and several of its judges. (1622 Action ECF 1 at 1.) Plaintiff alleged violations of his constitutional rights due to proceedings that had occurred in three cases in the Riverside County Superior Court: (1) Case No. UDCO2500480 (the Unlawful Detainer Action); (2) Probate Case No. PRRI2500109 (the Probate Action); and (3) Case No. RIF2206272 (the Criminal Action). (1622 Action ECF 1 at 3, 5.) Plaintiff had sought declaratory and injunctive relief, as well as damages. (*Id.* at 3.) Plaintiff had also requested a temporary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.   5:25-cv-01720-JAK-SSC               Date: August 29, 2025

Title      Joshua L. Lyons v. Jacqueline C. Jackson, et al.

restraining order in an effort to stay the writ of possession issued against him in the Unlawful Detainer Action.  On July 1, 2025, an order issued dismissing the action without leave to file an amended complaint for lack of subject matter jurisdiction.  (1622 Action ECF 10.)  The order denied the requests to proceed *in forma pauperis* and for a temporary restraining order as moot.  (*Id.*)

Approximately one week later, Plaintiff filed this action.[1]  Again, he requested to proceed *in forma pauperis*.  (ECF 3.)  In addition to

---

[1] In addition to the 1622 Action and the instant action, Plaintiff has filed at least two other cases in this district: (1) Case no. 5:23-cv-530-JAK-SSC (the 530 Action); and (2) Case no. 5:25-cv-211-JAK-SSC (the 211 Action).  In the 211 Action Plaintiff sought to enjoin the Riverside County Superior Court and one of its judges claiming that his constitutional rights were being denied in the Criminal Action.  (211 Action ECF 5 at 2.)  The request to proceed *in forma pauperis* was denied for lack of subject matter jurisdiction over the action due to the Eleventh Amendment immunity of the defendants.  (*Id.*)  The 530 Action was a suit against the State of California, the California Highway Patrol (CHP), and a CHP officer alleging constitutional violations relating to a December 2022 arrest that was seemingly also the basis for the Criminal Action.  (530 Action ECF 9.)  The then-assigned magistrate judge dismissed the original complaint with leave to amend based on Eleventh Amendment immunity, among other deficiencies.  (530 Action ECF 7.)  When the first amended complaint repeated the immunity defects and added more, this Court ordered Plaintiff to show cause why the action should not be dismissed.  (ECF 12.)  Plaintiff then moved to dismiss the 530 Action voluntarily and his motion was granted.  (530 Action ECF 13–14.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   5:25-cv-01720-JAK-SSC                        Date: August 29, 2025

Title     Joshua L. Lyons v. Jacqueline C. Jackson, et al.

claims stemming from the Unlawful Detainer Action, the complaint includes new allegations against various law enforcement defendants regarding excessive force, false arrest, and retaliation for protected speech stemming from an arrest on December 24, 2024 (which arrest was different in time and nature from the Criminal Action).  (ECF 1.)  On July 10, 2025, Plaintiff filed an *Ex Parte* Motion for Temporary Restraining Order, Preliminary Injunction, and Emergency Stay of Eviction, which sought to stay the pending eviction proceeding.  (ECF 4.)  An order issued on July 11, 2025, referring the *in forma pauperis* request to the undersigned.  (ECF 10 at 2.)  The order also denied the *ex parte* application for the reasons stated in the July 1, 2025 order dismissing the 1622 Action, and dismissed with prejudice the fourth, fifth, and eighteenth causes of action without leave to amend because they realleged the same causes of action that were dismissed in 1622 Action.  (ECF 10 at 2.)  The order concluded that "[t]he re-filing of them in this new action was improper."  (ECF 10 at 2.)

Indeed, the impropriety of this action goes beyond those claims that have been dismissed.  Because Plaintiff is seeking to proceed *in forma pauperis*, the Court must screen the complaint to determine whether any claims are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Key among the deficiencies are those discussed below.

1. **Plaintiff Has Misjoined Claims That Belong In Separate Suits**

Plaintiff cannot combine in a single § 1983 action claims stemming from the Unlawful Detainer Action, and claims stemming from his December 24, 2024 arrest.  *See* Fed. R. Civ. P. 20(a)(2).  Those

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-01720-JAK-SSC          Date: August 29, 2025

Title      Joshua L. Lyons v. Jacqueline C. Jackson, et al.

two separate incidents neither "aris[e] out of the same transaction[ or] occurrence" nor raise "question[s] of law or fact common to all defendants."  Fed. R. Civ. P. 20(a)(2)(A)–(B).  Both conditions must be met to join claims and defendants in a single action.  *See id.*  So, if Plaintiff wishes to pursue both sets of distinct claims, he must sever them by dismissing one set here (it does not matter which) and refiling that set in a separate action with a new case number.  *See Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870–71 (9th Cir. 2013).  The remaining set of claims for the other incident can then retain the existing case number here.  This path assumes, however, that Plaintiff can overcome the further pleading deficiencies discussed below.

2. **Plaintiff Has Improperly Named Defendants Who Are Immune From Suit**

    Whether properly severed or not, Plaintiff's action names too many defendants who are immune from suit.  For one, the judges, commissioners, and court staff assisting them are immune from suits arising out of the exercise of their judicial functions.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Bradley v. Fisher*, 80 U.S. 335, 346–47 (1872).  This is trued even though Plaintiff includes conclusory statements of "animus" and legal error (*e.g.*, ECF 1 at 15).  *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors.").  "'A judge will not be deprived of immunity because the action [she or] he took was in error, was done maliciously, or was in excess of [her or] his authority; rather, [she or] he will be subject to liability only when [she or] he has acted in the clear absence of all jurisdiction.'" *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987) (quoting *Stump*, 435 U.S. at 356–57) (other citation and internal quotation marks omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-01720-JAK-SSC                           Date: August 29, 2025

Title        Joshua L. Lyons v. Jacqueline C. Jackson, et al.

Relatedly, law enforcement who assisted with the eviction proceedings share this judicial immunity as they were enforcing court orders. *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) ("Absolute judicial immunity is not reserved solely for judges, but extends to nonjudicial officers for 'all claims relating to the exercise of judicial functions.'" (quoting *Burns v. Reed*, 500 U.S. 478, 499 (1991) (Scalia, J., concurring in part and dissenting in part))); *Coverdell v. Dep't of Soc. & Health Servs.*, 834 F.2d 758, 764 (9th Cir. 1987) (finding that the defendant "enjoys absolute quasi-judicial immunity for executing" a valid court order, after observing that other circuits "have held that persons who faithfully execute valid court orders are absolutely immune from liability for damages in civil rights actions challenging conduct authorized by the order." (citations omitted)); *Duenas v. Freitas*, No. C 13-0836 SBA, 2013 WL 3298249, at *5 (N.D. Cal. June 28, 2013) ("Plaintiffs allege only that service of the eviction notice was improper ostensibly because the foreclosure of the property and resulting unlawful detainer judgment were improper.  Because the sole allegations against the Sheriff Defendants relate to its mandatory duty to enforce the Superior Court's Writ of Possession, they are entitled to absolute immunity from Plaintiffs' claims." (citations omitted)); *see also Mansor v. Flores*, No. 5:23-CV-00486-MWF (MAA), 2023 WL 8870587, at *4 (C.D. Cal. Aug. 9, 2023) (collecting cases), *report and recommendation adopted*, No. EDCV 23-486-MWF (MAA), 2023 WL 8870571 (C.D. Cal. Nov. 7, 2023).  Accordingly, Plaintiff's claims against such defendants are deficient.

### 3. The *Rooker-Feldman* Doctrine Prohibits This *De Facto* Appeal Of The Unlawful Detainer Action

As Plaintiff has been warned before, under the *Rooker-Feldman* doctrine, the Court has no authority or jurisdiction as to the Unlawful

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   5:25-cv-01720-JAK-SSC                    Date: August 29, 2025

Title      Joshua L. Lyons v. Jacqueline C. Jackson, et al.

Detainer Action in which Plaintiff seeks to advance a *de facto* appeal of the judgment that was entered. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). "The United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings." *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986); *see also Garau v. Los Angeles County Sheriff's Dep't*, 2022 WL 229095, at *1 (9th Cir. 2022) (challenge to unlawful detainer proceedings barred by *Rooker-Feldman*); *Ramirez v. County of El Dorado*, 2022 WL 1744108, at *1 (9th Cir. 2022) (same).

Among Plaintiff's requested relief is to enjoin the enforcement of the unlawful detainer judgment. (ECF 1 at 23.) This would require this Court to review the propriety of orders and decisions in the Unlawful Detainer Action and to reach a determination that the state court's rulings were erroneous, effectively nullifying the state court's judgment. The Court lacks jurisdiction to do so.

4. **Only Those Acting Under Color Of State Law Can Be Liable Under § 1983**

Plaintiff names private citizen Armand Vasquez in several constitutional claims, *e.g.*, counts six, nine, seemingly alleging that Vasquez had Plaintiff evicted unlawfully. Section 1983 creates a cause of action against a person who, acting "under color of any statute . . . of any State," deprives another of rights guaranteed under the Constitution. 42 U.S.C. § 1983; *see Thai v. County of Los Angeles*, 127 F.4th 1254, 1257 (9th Cir. 2025) (same). A private defendant does not act under color of state law merely by "utiliz[ing] foreclosure and eviction procedures made available by the state." *Vachon v. Reverse Mortg. Sols., Inc.,* No. EDCV 16-02419-DMB (KES), 2017 WL 6628103,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-01720-JAK-SSC | Date: | August 29, 2025 |
| Title | Joshua L. Lyons v. Jacqueline C. Jackson, et al. | | |

at *10 (C.D. Cal. Aug. 11, 2017) (finding allegations that the defendant filed successful unlawful detainer action against plaintiff in state court and obtained a writ of possession were insufficient to show that defendant acted "under color of state law" for purposes of § 1983), *report and recommendation adopted*, No. 5:16-cv-02419-DMG (KES), 2017 WL 6626649 (C.D. Cal. Dec. 28, 2017); *see also Harper v. Fed. Land Bank of Spokane*, 878 F.2d 1172, 1178 (9th Cir. 1989) ("the fact that a state permits the use of foreclosure procedures and subsequent sheriff sales as the execution of a judgment is not sufficient to constitute state action." (citations omitted)); *but see Howerton v. Gabica*, 708 F.2d 380, 382, 384 (9th Cir. 1983) (finding private defendants acted under color of state law where "the [defendants], with police aid, used self-help to evict [the plaintiffs] without providing proper notice and a prior judicial hearing" and the "[p]olice were on the scene at each step of the eviction").

To the extent that Plaintiff intended to plead joint action by Vasquez and officials to effect a deprivation of constitutional rights, *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012), his threadbare allegations of a conspiracy are insufficient to show state action, *Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003).

### 5. The Complaint Does Not Comply With Rule 8

Plaintiff fails to plead allegations as to each defendant sufficient to meet the Rule 8 pleading standard. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege sufficient facts to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-01720-JAK-SSC           Date: August 29, 2025

Title   Joshua L. Lyons v. Jacqueline C. Jackson, et al.

provide "fair notice" of both the particular claim being asserted and "the grounds upon which [the particular claim] rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 & n.3 (2007) (cleaned up).  If a complaint does not clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued, on which theory, and what relief is being sought against them, the complaint fails to comply with Rule 8.  *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177–78 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *Exmundo v. Kane*, 553 F. App'x 742, 743 (9th Cir. 2014) (affirming district court dismissal of § 1983 claims where plaintiff's allegations "were unclear as to the timing and nature of [the defendant's] actions").

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  As for the nature of what is "facially plausible," the Supreme Court explained that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Thus, the "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Id.* at 678 (quoting *Twombly,* 550 U.S. at 557); *Moss*, 572 F.3d at 969.

Here, the complaint violates Rule 8 because it fails to provide each defendant with fair notice of how their actions, or inaction, resulted in the deprivation of Plaintiff's constitutional rights.  To state a § 1983

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   5:25-cv-01720-JAK-SSC                             Date: August 29, 2025

Title   Joshua L. Lyons v. Jacqueline C. Jackson, et al.

claim, a plaintiff must establish individual fault based on the duties and responsibilities of each defendant. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1987).

Moreover, government officials acting as supervisors only "cause" a deprivation for which they were not physically present if the constitutional injury can be "directly attributed" to the supervisor's wrongful conduct or "training, supervision, or control of his subordinates." *Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011), *cert. denied* 566 U.S. 982 (2012). Thus, to the extent that Plaintiff seeks to hold some defendants liable who were acting as supervisors, he must demonstrate that they participated in, directed, or otherwise directly caused the constitutional violation to occur. Plaintiff has failed to do so here in violation of Rule 8.

### 6. Plaintiff Has Failed To Plead Properly A *Monell* Claim

Plaintiff sues some government officials in their official capacities and also brings an independent *Monell* claim.[2] (ECF 1 at 3, 16.) However, official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Accordingly,

---

[2] Relatedly, Plaintiff may not proceed in an action for damages against an official-capacity defendant. Officials sued in their official capacities for damages are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997); *Hafer v. Melo*, 502 U.S. 21, 27 (1991). Accordingly, claims for damages must be against defendants in their individual capacities.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | 5:25-cv-01720-JAK-SSC | Date: August 29, 2025 |
| Title | Joshua L. Lyons v. Jacqueline C. Jackson, et al. | |

official-capacity claims against city/county officials in their official capacities are duplicative of claims against the city/county itself. *Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996).

A plaintiff can establish *Monell* liability in one of three ways. First, by commission, "when implementation of its official policies or established customs inflicts [a] constitutional injury." *Monell*, 436 U.S. at 708 (Powell, J. concurring); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010) (noting that this category of conduct giving rise to municipal liability is sometimes referred to as "acts of commission." (citation and internal quotation marks omitted), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). Second, by omission, "when [the municipality's] omissions amount to the local government's own official policy." *Clouthier*, 591 F.3d at 1249 (citation omitted). And third, by ratification, "when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Id.* at 1250 (citations and internal quotation marks omitted).

One form of omission is a failure to train. *Id.* at 1249; *Merritt v. County of Los Angeles*, 875 F.2d 765, 770 (9th Cir. 1989) ("if the training program is deemed inadequate, it may justifiably be said to constitute a city policy"). However, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citations omitted). The Supreme Court has set a high standard for proving that category of culpability, permitting liability only where "the government's omission . . . amount[s] to 'deliberate indifference' to a constitutional right," meaning "'the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-01720-JAK-SSC           Date: August 29, 2025

Title  Joshua L. Lyons v. Jacqueline C. Jackson, et al.

rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.'" *Clouthier*, 591 F.3d at 1249 (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)). This high standard is necessary because:

> In virtually every instance where a person has had his or her constitutional rights violated by a city employee, a § 1983 plaintiff will be able to point to something the city "could have done" to prevent the unfortunate incident. Thus, permitting cases against cities for their "failure to train" employees to go forward under § 1983 on a lesser standard of fault would result in *de facto respondeat superior* liability on municipalities—a result we rejected in *Monell*. It would also engage the federal courts in an endless exercise of second-guessing municipal employee-training programs. This is an exercise we believe the federal courts are ill suited to undertake, as well as one that would implicate serious questions of federalism.

*Harris*, 489 U.S. at 392 (citations omitted).

In sum, a plaintiff must plead facts tending to show that: (1) the training program is inadequate "in relation to the tasks the particular officers must perform"; (2) the county officials were deliberately indifferent "to the rights of persons with whom the [local officials] come into contact"; and (3) the inadequacy of the training "'actually caused' the constitutional deprivation at issue." *Merritt*, 875 F.2d at 770 (quoting *Harris*, 489 U.S. at 388, 390, 391); *see also Belay v. City of Gardena*, No. CV 15-8063-CAS (JCx), 2015 WL 9239717, at *4 (C.D. Cal. Dec. 17, 2015) (to state a *Monell* claim "based on failure to train, a plaintiff 'must identify the . . . failure to train, explain why it is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-01720-JAK-SSC | Date: | August 29, 2025 |
| Title | Joshua L. Lyons v. Jacqueline C. Jackson, et al. | | |

deficient, and state how it harmed plaintiff.'" (quoting *Lopez v. County of Los Angeles*, No. CV 15-01745-MMM (MANx), 2015 WL 3913263, at *7 (C.D. Cal. June 25, 2015))).

Similarly, "[a] failure to supervise that is 'sufficiently inadequate' may amount to 'deliberate indifference'" but "[m]ere negligence in training or supervision . . . does not give rise to a *Monell* claim." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quoting *Davis v. City of Ellensburg*, 869 F.2d 1230, 1235 (9th Cir.1989)). Government officials acting as supervisors only "cause" a deprivation for which they were not physically present if the constitutional injury can be "directly attributed" to the supervisor's wrongful conduct or "training, supervision, or control of his subordinates." *Starr*, 652 F.3d at 1205–06, *cert. denied*, 566 U.S. 982 (2012).

Further, to state a claim for municipal liability, Plaintiff must show how the alleged constitutional deprivation resulted from a municipal policy or custom rather than the independent acts of individual municipal employees. *See Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (a county may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability); *Kirkpatrick v. County of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016) (en banc) (to state a § 1983 claim against a municipal entity, "a plaintiff must go beyond the respondeat superior theory of liability and demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local governmental unit." (citation omitted)).

Here, the complaint does little more than recite the elements of a *Monell* claim for failure to train or supervise, and thus, fails to plausibly plead facts meeting the high culpability standard. (ECF 1 at 16); *see*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 5:25-cv-01720-JAK-SSC | Date: August 29, 2025 |
| Title | Joshua L. Lyons v. Jacqueline C. Jackson, et al. | |

*Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (quoting *Twombly*, 550 U.S. at 555, 557)).  Plaintiff does not identify what the relevant training practice was, how it was deficient, or how it caused his alleged injuries.  Such "threadbare" allegations do not provide defendants with sufficient notice regarding how it allegedly failed to train or supervise its employees.  *See Dougherty*, 654 F.3d at 900 (finding that the plaintiff's *Monell* claim "lack[s] any factual allegations that would separate [it] from the 'formulaic recitation of a cause of action's elements' deemed insufficient by *Twombly*"); *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1150 (E.D. Cal. 2009) ("without identifying the training and hiring practices, how those practices were deficient, and without an identification of the obviousness of the risk involved, the Court cannot determine if a plausible claim is made for deliberately indifferent conduct").

Further, Plaintiff's attempt to allege "systemic violations" by the Riverside County Sheriff's Department by referencing other lawsuits is inadequate.  Plaintiff fails to allege when the incidents related to these suits arose.  "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (citations omitted); *see also Gonzalez*, 289 F. Supp. 3d at 1099 (E.D. Cal. 2017) ("contemporaneous or subsequent conduct cannot establish a pattern of violations that would provide 'notice to the [municipality] and the opportunity to conform to constitutional dictates . . . .'" (quoting *Connick v. Thompson*, 563 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   5:25-cv-01720-JAK-SSC              Date: August 29, 2025

Title   Joshua L. Lyons v. Jacqueline C. Jackson, et al.

51, 63 n.7 (2011))).  More importantly, the facts alleged regarding the nature of these lawsuits (*e.g.,* defamation, cashless bail class action, inmate deaths) are so dissimilar to Plaintiff's alleged grievances that they cannot establish a pattern amounting to a custom/practice.  *See Meehan v. Cnty. of Los Angeles*, 856 F.2d 102, 107 (9th Cir. 1988) ("Local government liability under section 1983 attaches 'where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" (cleaned up)).  Plaintiff's allegations of a pattern by the Riverside Police Department fail similarly.  (ECF 1 at 13.)

### 7. **Plaintiff Fails To Allege Compliance With The California Government Claims Act For His Pendant Claims**

Plaintiff alleges several non-federal causes of action, *e.g.,* counts eleven, twelve, fourteen, sixteen, seventeen.  (ECF 1 at 17–21.)  A federal district court may exercise pendent jurisdiction over a state law claim when: "(1) the complaint asserts a valid claim arising under federal law"; "(2) the complaint asserts a claim arising under state law which shares 'a common nucleus of operative facts' with the federal claim"; and "(3) the state law claim is such that a plaintiff 'would ordinarily be expected to try them all in a single judicial proceeding.'" *Grid Sys. Corp. v. Texas Instruments Inc.*, 771 F. Supp. 1033, 1043 (N.D. Cal. 1991) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

The Court notes, however, that before bringing a pendent state law claim for damages against a California employee or entity, the plaintiff must comply with the claims presentation requirements of the California Government Claims Act (CGCA).  Under the CGCA, a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  5:25-cv-01720-JAK-SSC                    Date: August 29, 2025

Title     Joshua L. Lyons v. Jacqueline C. Jackson, et al.

    plaintiff may not bring a state law claim for damages against a California public employee or entity unless he first presents a written claim to the governmental entity within six months of the accrual of the action.  *See Mabe v. San Bernardino Cnty., Dept. of Public Social Services*, 237 F.3d 1101, 1111 (9th Cir. 2001) (CGCA requires the "timely presentation of a written claim and the rejection of the claim in whole or in part" as a condition precedent to filing suit.  (citations and internal quotation marks omitted)); Cal. Gov't Code § 811.2 (defining "public entity" to include counties and cities).  "The [CGCA] applies to state law claims wherever those claims are brought, and the requirement that a plaintiff must affirmatively allege compliance with the [CGCA] applies in federal court."  *Butler v. Los Angeles Cty.*, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008).

    Here, Plaintiff alleges that he "timely filed a Government Tort Claim with Defendant City of Riverside."  (ECF 1 at 9.)  He does not discuss to which among the many violations/acts alleged this claim applied, nor discuss claims made to other public entities he has sued.  Plaintiff is admonished that if he raises state law claims in any amended complaint or severed action, he must either plead compliance with the CGCA's claims presentation requirement or explain why the failure to comply should be excused.

***

    For all these reasons, Plaintiff is **ORDERED TO SHOW CAUSE** on or before **September 29, 2025**, why this action should not be dismissed—in whole or in part—based on the factual and legal deficiencies outlined above.  Plaintiff may satisfy this order by voluntarily dismissing this action using the attached form CV-09.  Alternatively, Plaintiff may file (an) amended complaint(s) containing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   5:25-cv-01720-JAK-SSC        Date: August 29, 2025

Title        Joshua L. Lyons v. Jacqueline C. Jackson, et al.

only well-pleaded, actionable claims against non-immune defendants that fix the curable deficiencies—including by severing any incidents that cannot be combined in the same complaint under Rule 20. (Severed claims must be filed separately a new action with a separate *in forma pauperis* application or full payment of the filing fee.)

Plaintiff is cautioned, though, that he may be denied further leave to amend if he cannot "state a viable claim without contradicting any of the allegations of his original complaint." *Garmon v. County of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016) (cleaned up).

**Plaintiff is further cautioned that failure to file a timely response to this order to show cause will result in a recommendation to the district judge to dismiss this case for failure to comply with a court order.** *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

**IT IS SO ORDERED.**

Initials of Preparer  :  ts